UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN KUHAJDA,

       Plaintiff,

v.                                                                                                          05-CV-3263

ILLINOIS DEPARTMENT OF
CORRECTIONS,

       Defendants.

**Order**

       Plaintiff, incarcerated at Taylorville Correctional Center, is pursuing a claim based on the Americans with Disabilities Act. He is represented by counsel.

       Before the Court is the Defendant's motion for summary judgment, to dismiss the case because Plaintiff failed to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a).

       Plaintiff does not dispute that he did not file a grievance about the subject of his lawsuit. He argues (through counsel) that no administrative remedies were available to him because of his hearing impairment and limited ability to read and write. He asserts that his only effective way of communicating is through sign language, a route unavailable at the prison.

       Defendant is correct that none of the statements in Plaintiff's response are made in an affidavit. A party cannot rest solely on allegations to defeat a summary judgment motion. Fed. R. Civ. P. 56(e). However, given the response by Plaintiff's attorneys, the record is not clear whether Plaintiff had a reasonable opportunity to submit an affidavit, given his disabilities. His attorneys might have been able to retain an interpreter to communicate the contents of an affidavit to Plaintiff, but the Court is not prepared to presume, at this stage, that they had access to Plaintiff to do so. Nor is the Court prepared to presume the extent of Plaintiff's ability to understand an affidavit, even if it was communicated to him through sign language. On this record, whether Plaintiff had administrative remedies "available" to him, in light of his disabilities, is a determination that must await more facts. Defendant may renew the argument after the close of discovery.

       IT IS THEREFORE ORDERED:

       1) Defendant's motion for summary judgment is denied (d/e 11).

       2) A proposed scheduling order was e-mailed to the Court on June 6, 2006, from Plaintiff's attorneys, but it does not appear to have been electronically filed in the docket, nor is it e-signed. The Court will e-mail the proposed order to the clerk, and the clerk is directed to e-file the order.

       3) The proposed scheduling order is approved, subject to objections by the parties, except that motions to compel and other motions relating to discovery shall not be filed more than **30** days after the event that is the subject of the motion (rather than the proposed 60). A final pretrial is scheduled for October 29, 2007 at 1:30 by personal appearance of counsel. A jury trial is scheduled for November 5, 2007, 2007, at 9:00 a.m., by personal appearance before the Court in Urbana. The parties shall file a proposed final pretrial order at least fourteen days before the final pretrial conference. The parties are responsible for timely obtaining and serving any necessary trial subpoenas.

       4) The status conference scheduled for June 13, 2006, is cancelled as unnecessary.

Entered this 8th Day of June, 2006.

                                                   **s\Harold A. Baker**

                                        HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE